# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00102-CV

**Jairus Pegues, Appellant**

**v.**

**Texas Workforce Commission and Adecco USA, Inc., Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 419TH JUDICIAL DISTRICT
### NO. D-1-GN-10-001536, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Jairus Pegues filed his notice of appeal on February 13, 2012. He has since filed additional notices of appeal titled "Final Notice of Appeal" and "Amended Notice of Appeal," adding orders and judgments that he wishes to appeal. On May 17, we sent Pegues a letter stating that we had been informed that he had not paid for the record nor made arrangements to pay for the record, asking him to provide a status report no later than May 17 or risk dismissal of his appeal. *See* Tex. R. App. P. 42.3(b) (governing dismissal for want of prosecution). In response, Pegues sent a letter explaining that he had requested the names and addresses of all court reporters who might have been present at Pegues's hearings. He also sent an Amended Declaration of Record, which lists the hearings in question and states that he "wants everything in the Court Record" related to those hearings. In his letter requesting contact information for the court reporters, Pegues stated, "This case is filed under the Texas Unemployment Compensation Act, and there are no fees for appeals pursuant to Texas Labor Code Chapter 212.210 and Texas Rule of Appellate Procedure 35.3."

Although Pegues asserts that he was not required to pay any fees or costs in an appeal under the unemployment compensation act, we have explained to him in an earlier cause apparently related to the same underlying facts[1] that our review of the labor code, the administrative code, and the rules uncovered no provisions that allowed a party appealing under the unemployment compensation act to appeal without paying court fees or for the appellate record. *See* Tex. Lab. Code Ann. § 212.210 (West 2006) ("An appeal bond is not required in an appeal from a decision of a trial court in an action under this subchapter."); Tex. R. App. P. 35.3 (trial and appellate courts are responsible for ensuring that record is timely filed).[2] Instead, rule 20.1 of the rules of appellate procedure governs when a party may appeal without paying fees or for the record. *See* Tex. R. App. P. 20.1. We have informed Pegues on several occasions that an affidavit of indigence is required to proceed without paying fees and costs,[3] but he has not complied with rule 20.1.

Pegues has not arranged for the clerk's or reporter's record to be filed, paid his fees, or filed an affidavit of indigence that would allow him to proceed without paying costs on appeal. We therefore dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 42.3(b);

---

[1] *See Pegues v. Texas Workforce Commission*, No. 03-11-00299-CV, 2012 Tex. App. LEXIS 4356, at *1-9 (Tex. App.—Austin May 25, 2012, no pet. h.) (dismissing appeal after Pegues failed to file affidavit of indigence, comply with appellate rules, or pay for record).

[2] The requirement for an appeal bond was repealed in 1997. *See* Tex. R. App. P. 25 cmt. ("Comment on 1997 change: . . . In civil cases, the requirement of an appeal bond is repealed."); *see also* former Tex. R. App. P. 40 (civil appeal perfected "when the bond, cash deposit or affidavit in lieu thereof has been filed or made, or if affidavit is contested, when the contest is overruled"; when security is not required, appeal perfected by written notice of appeal). Section 212.210 was enacted in 1993, before the appeal-bond requirement was eliminated. *See* Tex. Lab. Code Ann. § 212.210 (West 2006).

[3] *See Pegues*, 2012 Tex. App. LEXIS 4356, at *2, 7.

2

*see also Zamudio v. Zamudio*, No. 08-03-00139-CV, 2003 Tex. App. LEXIS 8772, at *2-3 (Tex. App.—El Paso Oct. 9, 2003, pet. denied) (mem. op.) (dismissing appeal for want of prosecution when appellant did not establish indigence, trial court had already determined appellant had not established indigence, reporter's record and brief were not filed, and court had given notice and reasonable time to cure deficiencies).

_____

David Puryear, Justice

Before Justices Puryear, Henson and Goodwin

Dismissed for Want of Prosecution

Filed:   July 13, 2012

3